UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

MAY 0 3 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-391-GWU

MARILYN MILLS,                                              PLAINTIFF,

VS:                            MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT,

## INTRODUCTION

Marilyn Mills brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).   The plaintiff is said to make out a _prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).   One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."   20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

<u>DISCUSSION</u>

The Administrative Law Judge (ALJ) concluded that Mills, a 50 year-old former jail cook with a "limited" education, suffered from impairments related to fibromyalgia.   (Tr. 18, 20).   Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 23).   Since the claimant's past relevant work could still be performed, she could not be considered totally disabled. (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Mills could return to her past work as a jail cook, the ALJ relied in part upon the information provided by Vocational Expert Jackie Rogers.  The hypothetical question presented to Rogers included an exertional limitation to medium level work along with such non-exertional restrictions as (1)

an inability to stand or walk for more than six hours an an eight-hour time period; (2) an inability to sit for more than six hours in an eight-hour time period; and (3) no more than frequent bending, climbing, balancing, stooping, kneeling, crouching or crawling. (Tr. 283). In response, the witness testified that the plaintiff's past cooking work could still be performed. (Tr. 283). Therefore, assuming that the vocational factors considered by Rogers fairly characterized the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Dr. Mark Burns, an examining consultant, opined that Mills would be able to perform such activities as sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking and traveling. (Tr. 180). The hypothetical factors were fully consistent with this opinion. The doctor noted that the physical examination was normal. (Tr. 180). Despite her complaints of fibromyalgia, the physician indicated that he only elicited trigger point tenderness in the right hip and right shoulder and that these problems would not be sufficient to interfere with work activities.[1] (Tr. 180). The hypothetical question was also compatible with the physical restrictions reported by Dr. Parandhamulu Saranga, an examining consultant. (Tr. 129-138). Dr. Roy Varghese, a treating physician at Mary Breckinridge Healthcare, did not report the existence of more severe physical limitations than those found by the ALJ. (Tr. 110-128). These reports provide substantial evidence to support the administrative decision.

Dr. Emmanuel Yumang, a treating physician at Christian Healthcare Services, opined in a September 30, 2004 letter that Mills would be totally

---

[1] Identification of focal tender points is an acknowledged way of diagnosing fibromyalgia. Preston v. Secretary of Health and Human Services, 854 F.2d 815, 820 (6th Cir. 1988).

6

disabled by her "severe" fibromyalgia. (Tr. 225). However, the doctor did not cite any objective medical data to support this opinion in his letter. Dr. Yumang did note trigger point tenderness in the hips and shoulder area in December of 2003. (Tr. 160). This was before the claimant's January 1, 2004 alleged onset date of disability (Tr. 55) and, so, these findings would not appear to represent a totally disabling impairment. The doctor's later treatment notes do not identify additional trigger points which would suggest a worsening of the condition. (Tr. 153-159, 226-235). Thus, Like Dr. Burns, Dr. Yumang's treatment notes only indicate trigger point tenderness in the hip and shoulder areas and the reports of both physicians suggest the absence of trigger points over most of the plaintiff's body. Under these circumstances, the ALJ could properly reject Dr. Yumang's opinion in favor of that of Dr. Burns.

Mills was noted to suffer from depression by Dr. Yumang. (Tr. 225). However, the plaintiff reported at the hearing that a mental health treatment program had never been recommended by her treating physicians. (Tr. 270). Psychologist Ann Demaree reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment. (Tr. 139). This opinion was not contradicted in the record by that of another mental health professional. Therefore, the ALJ properly concluded that the claimant's mental problems were not a "severe" impairment.

Mills argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical

7

condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Mills was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. As previously noted, Dr. Burns reported an essentially normal physical examination with tenderness in only a couple of areas. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Mills' pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___3___ day of May, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8